PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* BUENAVENTURA RODRÍGUEZ, Defendant and Appellant.

No. 3790. Argued November 5, 1929.—Decided December 23, 1929.

*Leopoldo Tormes,* for appellant. *R. A. Gómez,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Buenaventura Rodríguez and others were prosecuted under section 358 of the Penal Code. It was charged against them that "in the court-room of the Justice of the Peace Court of Santa Isabel they disturbed the peace and quiet of the immediate neighborhood and the proceedings of the court . . . by giving loud cheers for the Republican Socialist Party, which were taken up and repeated by each and everyone of the defendants, within the court-room. . . ."

The defendants were convicted in the Municipal Court of Salinas. They took an appeal to the District Court of Guayama, which tried the case *de novo,* discharged six of the defendants, and convicted Buenaventura Rodríguez, who has appealed to this Supreme Court.

The ground of this appeal is the insufficiency of the evidence. Only two witnesses testified for the prosecution: a policeman and the justice of the peace.

Policeman Salvador Morales testified that the justice of the peace court was sitting on the night of July 26, 1928, hearing election cases; that an incident took place between attorney Felipe Colón and the judge because the latter permitted a certain individual, who was not an attorney, to take part in the proceedings, and that Colón said:

"Then I withdraw, . . . When attorney Felipe Colón Díaz left, the others began to leave by the other side of the court. Buenaventura Rodríguez left passing in front of the judge, excused himself, and when on the sidewalk, gave a loud cheer for the Republican-Socialist Coalition; then a lot of people, all the people there, took up the cheering. I at once arrested Buenaventura Rodríguez, who had already reached the sidewalk, and took him before the judge."

Justice of the Peace Angel Torres testified as follows:

"A.—It was in one of those cases in which Robledo as a witness asked the court that, in his capacity as such, he be allowed to make certain statements under oath. Then the attorney for the defendant moved the court to refuse the request, which motion I denied and granted Robledo's request. The attorney then withdrew, and he was followed by Buenaventura Rodríguez, who stood up and gave a cheer for the Republican-Socialist party, which was taken up by many of the persons who were in the rear of the court-room, but whom I am unable to single out.

"Q.—Besides the person who took up the 'cheer' of Rodríguez, did you see any of the defendants other than Rodríguez? A.—I could not tell you. Q.—Did they assume the same attitude as he? R.—I could not see them, I only saw Rodríguez across my desk. Q.—Did Rodríguez shout vociferously? A.—Quite vociferously."

The evidence of the defendant tends to show that the facts had taken place outside the court-room and that there had not been any disturbance of the peace.

Cheering for a political party is a lawful act, which tends to excite the minds of persons assembled, filling them with political enthusiasm, and is likely to cause a noisy public demonstration. That by itself would not constitute the offense of breach of the peace; but if the shouting takes place, as in the case at bar, in a court-room during proceedings, as testified by the justice of the peace, and the peace is in fact disturbed, then such conduct, in view of its calculated purpose and effect, constitutes the offense defined and made punishable by section 358 of the Penal Code.

After an examination of the testimony of the justice of the peace it can not be validly contended that the judgment is not sustained by the evidence. That testimony is at variance in certain particulars with the testimony of another witness for the prosecution and with the evidence introduced by the defense; but the district judge gave it full credence, and it has not been shown that in so doing he was moved by any

other motive than that of imparting justice in conformity with the facts and the law.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.